Filed March 13, 1895.

———————————◆———————————

No. 1,537.

CITY OF VALPARAISO v. MOFFITT ET AL.

DAMAGES.—*Tort.—Several Actions.—Satisfying one Judgment Satisfies All.*—A person injured by others acting severally may have several judgments against such persons and in different amounts, but the payment of one judgment operates as a satisfaction of all of them.

ACTION.—*Several Tort Feasers, Joint Liability.*—If several distinct acts of several persons contribute to a single injury, but without concert of action or common intent, there is, as a general rule, no joint liability; but if there was concert of action and a common intent and purpose, such persons are generally jointly liable for their joint acts.

SAME.—*Tort Feasers.—Setting in Motion Destructive Agency.—Joint Liability.*—If there be no concert of action or unity of purpose, but the acts of several tort feasers are concurrent as to time and place, and unite in setting in operation a single destructive and dangerous force which produces the injury, then such persons are jointly liable.

NUISANCE.—*Several Persons.—Joint Liability.*—If the acts of several persons be separate and distinct as to time and place, but culminate in producing a public nuisance which injures the person or property of another, such persons are jointly and severally liable to the person injured.

SAME.—*Liability of a Municipal Corporation.—Liability of Individual who Settles With Plaintiff.*—A municipal corporation, like a natural person, is liable for the erection and maintenance of a nuisance; and it can not escape liability on the ground that a natural person also liable for the nuisance has settled with the plaintiff for the damage he has sustained.

SAME.—*Continuing.—Recovery, Judgment no bar.*—Where the nuisance is continued, one recovery does not bar subsequent actions.

From the Porter Circuit Court.

*N. L. Agnew* and *D. E. Kelly*, for appellant.

*N. J. Bozarth*, for appellees.

Lotz, J.—The appellees, plaintiffs in the court below, averred in their complaint that they were the owners of a certain tract or parcel of real estate, containing about eight and one-half acres, and situate within the corporate limits of the city of Valparaiso; that there were situated on said tract two dwelling houses, one of which was occupied by the plaintiffs as a residence, and the other used as a tenant house and by them let for hire; that said lands were also used for garden and pasture purposes; that there was a natural water course, known as Crosby's Run, passing through and over said lands, the waters of which, previous to the grievances complained of, came from natural springs and was pure and wholesome, and suitable for domestic purposes; that said stream, in its natural condition and at an ordinary stage of the water, did not exceed from two to four feet in width; that about five years prior to the commencement of this action, the defendant, the city of Valparaiso, constructed a system of sewers and underground pipes for the sewerage and drainage of said city; that said pipes and sewers were so constructed that they flowed or emptied their contents into Crosby's Run above plaintiffs' land; that the filth, waste and refuse matter emptied by the sewers into Crosby's Run poisoned and polluted the waters thereof, and rendered them unfit for domestic use; that the surface waters were collected into the said pipes and drains and emptied into Crosby's Run; that in times of great rainfall the waters of that stream overflowed its banks and spread over and upon plaintiffs' lands and caused cess-pools of stagnant water and deposited the filth and noxious matter from said sewers thereon; that noxious and unhealthy odors arise from the waters of said stream and from the filth and waste matter, rendering plaintiffs' property unhealthy and depreciating both its market and rental value.

The defendant filed an answer in six paragraphs, the first being a general denial. Demurrers were sustained to the second and third and overruled as to the fourth, fifth and sixth. The plaintiffs replied in two paragraphs. A demurrer was overruled as to the second. The cause was tried by a jury which returned a general verdict for the plaintiffs.

The errors assigned are the action of the trial court in sustaining the demurrers to the second and third paragraphs of answer and in overruling the demurrer to the second paragraph of the reply, and in overruling the motion for a new trial.

The second and third paragraphs of the answer are the same except one is pleaded as a full defense and the other as a partial defense. These answers state in substance that one John W. Stratton owned and operated gas works in the city of Valparaiso; that the waste, noxious and refuse matter from said gas works flowed through a sewer and emptied into Crosby's Run above plaintiffs' land, and that a part of the pollution and damages complained of were caused thereby; that the sewer through which the refuse matter from said gas works flowed, had been maintained and operated by the city and Stratton for more than three years; that in 1892 the plaintiffs in this action brought a suit against Stratton to recover damages for the pollution of Crosby's Run caused by the sewer from the gas works, being the same wrongs complained of in this action; that while said suit was pending it was compromised and settled by an agreement entered of record in which it was stipulated that Stratton should pay the plaintiffs the sum of sixty-five dollars in full satisfaction of all damages caused by said sewer up to the first day of July, 1892, and that Stratton was to have the privilege of emptying the contents of said sewer in said stream until that date; that said suit

was accordingly settled and dismissed and the money paid. The questions arising on the sufficiency of these answers are the main points presented for our consideration in this appeal. The appellant contends that under the facts stated in these answers it and Stratton were joint tort feasors and that the release of one operated as a release of the other.

Primarily every person is liable for all the injury caused by him. If he acts separately he is separately liable for all the injury. If he acts jointly with others he is both jointly and severally liable for all the injury. These are the general rules, to which there are exceptions. The rule is also well settled that an injured party can have but one satisfaction for the same injury. To this rule there are no exceptions. He may have several judgments against different persons and in different amounts, but the payment of one operates as a satisfaction of all. *Westfield Gas, etc., Co.* v.*Abernathy*, 8 Ind. App. 73; *South Bend Mfg. Co.* v. *Liphart*, 12 Ind. App. 185; *American Exp. Co.* v. *Patterson*, 73 Ind. 430.

Concert of action and a common intent and purpose are generally necessary to make two or more persons joint tort feasors and jointly liable. If several distinct acts of several persons have contributed to a single injury, but without concert of action or common intent, there is generally no joint liability. Thus, in *Miller* v. *Highland Ditch Co.*, 87 Cal. 430, 22 Am. St. Rep. 254, the owners of different tracts of land, acting separately, constructed and maintained different ditches, whereby waters were turned into a canon and then commingled and passed through it and overflowed the plaintiffs' land, covering it with sand and *debris*. It was held that the several wrongdoers might be united in one suit as defendants to enjoin them from further injuring the plaintiffs' land, but that they were not jointly liable; that each

was liable for the separate injury produced by him, and that no joint recovery for damages could be had in such proceeding.

In rendering the decision, the court made use of this language: "It is clear that the rule as established by the general authorities is, that an action at law for damages can not be maintained against several defendants jointly, when each acted independently of the others, and there was no concert or unity of design between them. It is held that in such a case the tort of each defendant was several when committed, and that it does not become joint because afterwards its consequences united with the consequences of several other torts committed by other persons. If it were otherwise, say the authorities, one defendant, however little he might have contributed to the injury, would be liable for all the damages caused by the wrongful acts of all the other defendants, and he would have no remedy against the latter, because no contribution can be enforced between tort feasors." Citing *Chipman* v. *Palmer*, 77 N. Y. 51; *Little Schuylkill Nav. Co.* v. *Richards*, 57 Pa. St. 182; *Sellick* v. *Hill*, 47 Conn. 260. See, also, *Gallagher* v. *Kemmerer*, 144 Pa. St. 509, 27 Am. St. Rep. 673; *Blaisdell* v. *Stephens*, 14 Nev. 17.

If there be no concert of action between the tort feasors and their acts be separated as to place and time, but united in their consequences, the fact that it may be difficult to apportion the damages to each act or wrongdoer may be the plaintiff's misfortune, but it furnishes no good reason to make one wrongdoer liable for all the damages. But there is a class of cases in which the defendants are jointly and severally liable, although they are several and not joint tort feasors. As where there is no concert of action or unity of purpose, but the acts are concurrent as to place and time and unite in setting in

operation a single destructive and dangerous force which produces the injury. *South Bend Mfg. Co.* v. *Liphart, supra; Slater* v. *Mersereau*, 64 N. Y. 138.

The case at bar does not come within this rule for the different and several acts of the tort feasors may produce different degrees of pollution. The damages must be measured by the extent of the pollution.

There is also another class of cases in which the defendants are jointly and severally liable, although they are not joint tort feasors. If their acts are separate and distinct as to place and time, but culminate in producing a public nuisance which injures the person or property of another they are jointly and severally liable.

In *Simmons* v. *Everson*, 124 N. Y. 319, 21 Am. St. Rep. 676, the facts were that three persons owned in severalty adjoining lots in the city of Syracuse. A continuous brick-wall formed the front of the three buildings on the lots. The buildings were destroyed by fire, which left standing only the front wall and parts of the partition walls. Shortly after the fire the front wall began to incline toward the street and afterwards fell upon and killed a person lawfully on the sidewalk. The wall all fell. The material from the wall situate on two of the lots caused the injury, while no part of the material composing the wall of the other lot struck the deceased.

In an action against all three of the owners it was found that each of the defendants were careless and negligent in not removing or supporting the wall on his own lot, and that these several neglects united and directly caused the wall to fall. The court held that the defendants were jointly and severally liable for the injury, because their conduct created a public nuisance and an indictable misdemeanor.

It is also held in *Irvine* v. *Wood*, 51 N. Y. 224, that persons who, by their several acts or omissions, main-

tain a public or common nuisance are jointly and severally liable for such damages as are the direct, immediate and probable consequences of it.

A municipal corporation is liable in a civil action for erecting and maintaining a nuisance the same as a natural person. *Stein* v. *City of Lafayette*, 6 Ind. App. 414; *Haag* v. *Board, etc.*, 60 Ind. 511.

By the statutes of this State it is made a public nuisance and an indictable offense for any person to cause or suffer any offal, filth or noisome substance to be collected or remain in any place to the damage or prejudice of others, or of the public, or for any person to erect, continue or maintain any obstruction to the full use of property, so as to injure the property of another or, essentially, to interfere with the comfortable enjoyment of life. Section 2154, Burns Rev. 1894 (section 2066, R. S. 1881).

The case made by the plaintiffs' complaint in this action is that of a public nuisance, and all persons who created or continue it are jointly and severally liable for all the damages resulting therefrom, although they are not joint tort feasors. The release of Stratton did not release the city, unless it appears that it was in full satisfaction of all the injury sustained by reason of the nuisance.

It further appears by the complaint and the answers that the nuisance has been continued since July 1, 1892. Every continuance of a nuisance makes a fresh one, and he who continues a nuisance is liable to successive suits, each continuance being a new one in which there is a fresh injury and a fresh damage. *Stein* v. *City of Lafayette, supra; Prentiss* v. *Wood*, 132 Mass. 486; *Staple* v. *Spring*, 10 Mass. 72; *Holmes* v. *Wilson*, 10 Ad. & E. 503.

One recovery does not bar subsequent actions where

the nuisance is continued. There was no error in sustaining the demurrers to the second and third paragraphs of answer.

The second paragraph of reply was addressed to the fourth paragraph of the answer. This answer was a partial answer only, and its purpose was to bar a recovery for the damages which accrued prior to July 1, 1892. The second paragraph of reply was, in effect, an argumentative denial, and there was no error in overruling the demurrer to it.

A number of questions arise under the other assignment of error, the overruling of the motion for a new trial. A reversal is sought under this assignment upon technical rather than upon substantial grounds. After examining the evidence and the instruction of the court and taking into consideration the fact that the appellant gave in evidence a contract with the plaintiffs in which it admitted that its sewer did pollute the stream, and that such pollution did injure the plaintiffs' property, and in view of the further conceded facts that these conditions were unaltered at the time of the commencement of the action, and of the meager amount of the recovery, this court is of the opinion that substantial justice has been done by the judgment rendered in the court below.

Judgment affirmed.

Filed Feb. 28, 1895.