Brudi *v.* Luhrman.

---

### Brudi et al. *v.* Luhrman.

[No. 3,343.   Filed February 12, 1901.]

Appeal and Error.—*Dismissal.—Final Judgment.*—A cause will not be dismissed because no final judgment was rendered, where it is shown that judgment was rendered upon the verdict and set aside on appellant's motion, and judgment entered again upon the overruling of appellant's motion for a new trial.   *p. 222.*

Partnership.—*Liability of Former Owner.—Negligence.*—Where, in an action against the members of a firm for damages arising from the negligence of a servant, there was no evidence that one of the

Brudi *v.* Luhrman.

defendants was a member of the firm, or had any interest in it, when the injury occurred, and the only evidence connecting him with the matter was his own testimony that he had been in the business and had afterwards sold out to the firm and allowed them to use his name as an advertisement to their business, the evidence was insufficient to sustain a verdict against him.  *p. 223.*

DAMAGES.—*Evidence.*—*Excessive Damages.*—A judgment for $100 in an action for damages to a horse and harness is not excessive, where it was shown by the evidence that the horse was worth $75 to $125 before the injury, and $25 after the injury, and that plaintiff lost time and money by reason of the injury, and that there was also damage done to the harness.  *p. 223.*

EVIDENCE.—*Harmless Error.*—*Master and Servant.*—In an action against defendants for injuries caused by the careless driving of their employe, evidence of his careless and reckless driving at other times was harmless, where there was evidence that he was driving in a careless and reckless manner at the time of the injury.  *p. 223.*

MASTER AND SERVANT.—*Liability of Master for Negligence of Servant.*—In an action for damages on account of injuries sustained by reason of the negligence of defendant's employe, the court properly instructed the jury that the master is responsible for injuries resulting from the negligent manner in which the servant does the master's business, and that the servant's act within the general scope of his employment is the master's, and, if injury occurs through the servant's negligence while so acting, the master is liable.  *p. 224.*

From the Allen Circuit Court.  *Affirmed in part and reversed in part.*

*T. E. Ellison,* for appellants.

*B. F. Harper,* for appellee.

ROBINSON, J.—Appellee's motion to dismiss this appeal because no final judgment was rendered can not be sustained.  Upon the jury's verdict judgment was rendered, which, upon appellants' motion, was set aside.  Appellants then filed motions for a new trial, which were overruled, and judgment rendered on the verdict, from which judgment this appeal is prosecuted.

Appellee was driving his team along the street when one of his horses was struck by a wagon in charge of an employe of Brudi Brothers, and the horse injured and the harness damaged, for which he sues.  The evidence showed that the

Brudi *v.* Luhrman.

firm of Brudi Brothers was composed of Henry and Gottlieb Brudi. There is no evidence to show any liability on the part of Carl Brudi. There is no evidence that he was a member of the firm or had any interest in it when the injury occurred. The only evidence in any way connecting him with the matter was his own testimony which was not contradicted. He was asked if his name was not on the advertisements as manager, and he answered that he had been in the business, had a wagon built with his name on it, and afterwards sold out to the boys, that he let them use his name to cause the public to feel that it was his business, as his reputation was better known than theirs, but that he had no connection with the firm of Brudi Brothers. The suit is for the wrongful act of an employe of the firm, and there is no evidence that at the time the injury occurred he was a member of the firm or had any interest in the business. His liability to a creditor of the firm, under the circumstances, would present a different question.

The jury returned a verdict for $100. There was evidence that after the injury the horse was worth $25 dollars, and before the injury from $75 to $125. Loss of time and money expended by reason of the injury would be proper elements of damage, and also damage done to the harness. The damages found by the jury are not excessive.

Objection was made to certain questions which went to the measure of damages. It is unnecessary to discuss these questions at length for the reason that it does not appear that any part of the amount was necessarily made up from this evidence. There was evidence, clearly competent, and to which no objection was made, to sustain the jury's verdict in the amount of damages given.

There was evidence that the employe was driving in a careless and reckless manner at the time of the injury. Even if it should be admitted that evidence of careless and reckless driving at other times was not competent, the admission of such evidence would not be reversible error.

The court correctly instructed the jury, in substance, that a master is responsible for injuries resulting from the negligent manner in which an employe does the master's business. The servant's act within the general scope of his employment is the master's, and if injury occurs through the servant's negligence while so acting the master is liable.

Taking the instructions as a whole they correctly state the law. What we have said as to the proper elements of damage applies to the question raised upon some of the instructions. There is not sufficient evidence to sustain the verdict against Carl Brudi. As to the other appellants there is no reversible error. Judgment reversed as to appellant Carl Brudi, and affirmed as to the other appellants.