ILLINOIS CENTRAL RAILROAD COMPANY ET AL. *v.*
HAWKINS, ADMINISTRATRIX.

[No. 9,175.    Filed March 28, 1917.    Rehearing denied June 22, 1917.
Petition to transfer dismissed December 20, 1917.]

1.  CARRIERS.—*Carriage of Passengers.—Injury to Passenger.—
    Action.—Complaint.—Sufficiency.*—In an action against a railroad
    company and its switchman for death in a train collision, a com-
    plaint alleging that, because of the carelessness and negligence of
    the switchman, while engaged in the discharge of his duties, in
    failing to properly close a switch, a passenger train on which
    decedent was a passenger ran into a siding and collided with a
    line of freight cars, causing decedent to receive fatal injuries, is
    sufficient to charge defendants with joint liability.    pp. 316, 317,
    318.

2.  TORTS.—*Several Tort-Feasors.—Joint Liability.—Parties.*—An
    action at law for damages cannot be maintained against several
    defendants jointly when each acted independently of the other,
    without concert or unity of design, and the several torts com-
    mitted by each were separate and several.    p. 316.

3.  MASTER AND SERVANT.—*Injury to Third Persons.—Negligence of
    Servant.—Master's Liability.*—Under the doctrine of *respondeat
    superior* the master or principal is chargeable with, and liable for,
    the negligent acts committed by his agents or servants wnile
    acting in the course of their employment and in the line of duty.
    p. 317.

4.  MASTER AND SERVANT.—*Injury to Third Persons.—Negligence of
    Servant.—Joint Liability.*—Where a third party is injured by
    reason of the negligence of a servant while acting in the course
    of his employment, both the master and servant are liable, and
    either or both may be sued at the option of the injured party.
    p. 317.

5.  APPEAL.—*Presenting Questions for Review.—Assignment of
    error.—Sufficiency.*—A joint assignment of error that the court
    erred in overruling the "motion of these appellants for a new
    trial" presents no question for review where no joint motion for a
    new trial was filed.    p. 319.

NOVEMBER TERM, 1917.    313

Illinois, etc., R. Co. *v.* Hawkins, Admx.—66 Ind. App. 312.

6. APPEAL.—*Presenting Questions for Review.—Ruling on Motion for New Trial.—Defects in Record.*—Where there was a joint judgment against two defendants and each filed a separate motion for a new trial, record entries that "defendant's" motion for a new trial was overruled and the defendant excepted, do not identify the motion overruled or the defendant which excepted, so that an assignment of error challenging the ruling on the motion for new trial presents no question for review. pp. 319, 320.

7. APPEAL.—*Defects in Record.—Parties Taking Appeal.*—That the record fails to identify which of two defendants prayed an appeal is harmless where the term-time appeal was abandoned, and a vacation appeal properly perfected by both parties. p. 320.

From Warrick Circuit Court; *Fred M. Hostetter,* Special Judge.

Action by Josie Hawkins, administratrix of the estate of Ted Hawkins, deceased, against the Illinois Central Railroad Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Woodfin D. Robinson, William E. Stillwell* and *John G. Drenan,* for appellants.

*Thomas W. Lindsey* and *Charles P. Bock,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in an action brought by her to recover damages for the death of her decedent, Ted Hawkins, alleged to have been caused by appellants' negligence. The issues of fact were tendered by a complaint in one paragraph and a general denial thereof. A demurrer to the complaint was overruled. A trial by jury resulted in a verdict for appellee. A motion for new trial was overruled, and this ruling and that on said demurrer are respectively assigned as error in this court and relied on for reversal.

It is insisted by appellee that, because of certain

defects and infirmities in the form and language of said demurrer and motion for new trial, and the respective rulings thereon, and in the order granting the appeal herein, no question is presented for our determination by this appeal. There are defects and infirmities in the record, some of which will be specifically pointed out in our disposition of the ruling on the motion for new trial, but, for the purposes of the question presented by said demurrer, our conclusion on the merits thereof makes it unnecessary to give any consideration to any defects in the language or form of such demurrer.

The memorandum accompanying said demurrer challenged the sufficiency of the complaint on the following grounds, viz.: (1) That it fails to state facts showing wherein appellants, or either of them, was, at the time and place guilty of any negligence; (2) that it fails to aver any facts showing wherein appellants, or either of them, was guilty of any negligence which was the proximate cause of the death complained of; (3) that it fails to state any facts showing any negligence on the part of either appellant in the operation of said train.

The averments of the complaint pertinent to the questions raised by said objections are in substance as follows: The appellant railroad company is now, and in August, 1913, was, a railway corporation engaged in the operation of a railroad running from Evansville, Indiana, to Peoria, Illinois. The appellant Shoemaker was at said time employed by his coappellant as a switchman, and engaged in the discharge of his duties as such switchman in and about the company's yards at Evansville. About August 1, 1913, appellee's decedent, Ted Hawkins, took passage as a passenger on one of said company's

trains at Olney for Evansville. While being thus carried as such passenger on said train, it, when entering the city of Evansville, ran into a siding or switch and against some freight cars, throwing decedent against the side of the car and producing injuries from which he died on August 15, 1913. The train ran into said siding ''by reason of the carelessness and negligence on the part of said defendant, George J. Shoemaker, who was then and there in the employ of said defendant railroad company as above alleged in failing to properly close said switch, and carelessly and negligently leaving said switch in such a condition so that said passenger train upon which the plaintiff's intestate was so riding ran into said line of freight cars as above alleged; that thereby, and by reason of all of which said acts of carelessness and negligence on the part of said defendant as aforesaid, * * * said train and said cars were, while so negligently run as aforesaid, into said switch and against said line of freight cars as alleged, and were so carelessly and negligently run and managed that said locomotive and said train of cars and the said car in which decedent was riding were run into the said siding or switch and against said line of freight cars as above alleged and suddenly stopping said * * * train; that by reason of said sudden * * * stopping of said * * * train plaintiff's intestate was hurled forward, *· * * that said injuries were sustained wholly by reason of said careless and negligent conduct of said defendant and without any fault or negligence on the part of plaintiff's intestate.''

While the complaint is not a model in clearness, we think the averments quoted furnish an answer to the objections made by appellant, especially when

1.    considered in their entirety and viewed in the light of the liberal construction which must be given them under §343a Burns 1914, Acts 1913 p. 850, and the later decisions of the Supreme Court and this court. *Vandalia Coal Co.* v. *Coakley* (1915), 184 Ind. 661, 111 N. E. 426; *S. W. Little Coal Co.* v. *O'Brien* (1916), 63 Ind. App. 504, 113 N. E. 465, 114 N. E. 96; *Indiana Mfg. Co.* v. *Coughlin* (1917), 65 Ind. App. 268, 115 N. E. 260.

The gist of appellants' contention, as made in this court, is that, the appellee having elected to join Shoemaker, the switchman, as a defendant, it became incumbent on her to state a joint cause of action against both defendants, or, in other words, it was necessary to show a joint or combined negligence on the part of both defendants which caused the injury that resulted in the death of appellee's decedent; that the complaint at most shows negligence on the part of the switchman with which the railroad company was in no way connected; that the mere fact that the switchman was an employe of said company, in and of itself, is not sufficient to connect such railroad company with his negligence, and hence, that the complaint wholly fails to show any joint cause of action against both appellants.

It is true, as appellant contends, that an action at law for damages cannot be maintained against several defendants jointly when each acted independently of the other, and there was no concert or unity of design between them, and the several torts committed by each were separate and several when committed. *City of Valparaiso* v. *Moffitt* (1895), 12 Ind. App. 250, 39 N. E. 909, 54 Am. St. 522; *West Muncie Strawboard Co.* v. *Slack* (1904), 164 Ind. 21, 72 N. E. 879; *Chipman* v. *Palmer*

(1879), 77 N. Y. 51, 33 Am. Rep. 566; *Miller* v. *Highland Ditch Co.* (1891), 87 Cal. 430, 25 Pac. 550, 22 Am. St. 254. Said principle and the several cases cited in support thereof are not of controlling influence in the instant case, because the complaint under consideration, under any view that may be taken of it, does not charge separate, independent acts of negligence against said company and said switchman. If there can be said to be any negligence charged in said complaint other than that of said switchman—a thing which we need not and do not decide—it was the negligent movement of the train by said company over and upon the switch track, which, according to the averments of the complaint, had been by said switchman negligently left in such condition that it permitted the entrance of said cars thereon, and if effect be given to said averments which apparently attempted to charge the railroad company with such negligent operation of said train, the effect of the complaint under such theory, when read in its entirety, is to charge that the joint and combined acts of negligence of the railroad company caused the collision which resulted in decedent's injury and death.

A corporation necessarily acts through its officers, agents and servants, and, under the doctrine of *respondeat superior*, the master or principal is chargeable with, and liable for, any negligent act committed by his agent or servant while such servant is acting in the course of his employment and in the line of his duty. In such cases both master and servant are liable for any injury and damages caused by such negligence, and either or both may be sued therefor at the option of the injured party. *Lake Erie, etc., R.*

*Co.* v. *Reed* (1914), 57 Ind. App. 65, 75, 103 N. E. 127; *Pittsburgh, etc., R. Co.* v. *Kirk* (1885), 102 Ind. 399, 1 N. E. 849, 52 Am. Rep. 675; *Brudi* v. *Luhrman* (1900), 26 Ind. App. 221, 224, 59 N. E. 409; *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 364, 365, 75 N. E. 649.

So in this case, the railroad company was chargeable with the negligent acts of its servants performed in the line of their respective duties, whether 1. in operating said train or said switch, and, if it be conceded, as appellant contends, that the only negligence charged in said complaint is that charged against said switchman, it sufficiently appears from said complaint, when all of its averments are read in the light of the more recent decisions of the Supreme Court and this court, which permit the indulgence of reasonable inferences in favor of a pleading (*Domestic Block Coal Co.* v. *De-Armey* [1913], 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Indiana Mfg. Co.* v. *Coughlin, supra*), that said complaint is based on the doctrine of *respondeat superior,* and that both said servant and his master, the railroad company, were intended to be and in fact were charged with the negligence of said servant, it sufficiently appearing that the servant was in the employ of said company and acting in the line of his duty as such at the time he was guilty of the negligence charged. It follows that the principle invoked by appellant, indicated *supra,* has no application. We therefore conclude that no error resulted from the ruling on said demurrer.

The record shows three assignments of error, a joint assignment by both defendants, and a separate assignment by each defendant.

The third ground of the joint assignment is as

follows: "The court erred in overruling the motion of *these* appellants for a new trial." (Our 5. italics.) No question is presented by this assignment because the record discloses no joint motion for new trial filed by *appellants.*

The third ground of each of the separate assignments of error is the same, except that in each of such grounds respectively the motion for new trial referred to therein is identified as the motion of the Illinois Central Railroad Company, in the one case, and of George Shoemaker, in the other case. The record shows a judgment against both defendants, and then an order showing the filing of a separate motion for new trial by each defendant, after which appears the following entry: "Come now the parties by their respective counsel, and the court having heard the argument of counsel, defendant's motion for a new trial is now by the court overruled, to which ruling of the court the defendant at the time objects and excepts. And now defendant prays an appeal to the Appellate Court of the State of Indiana, which appeal is granted and thirty days given in which to file appeal bond; appeal bond is fixed in the sum of $3,000.00 with United States Fidelity & Guaranty Company as surety thereon, and ninety days is given defendant to file bill of exceptions herein."

This entry does not identify either of the motions for new trial which the previous entry shows were filed, as the motion overruled. It would 6. appear from said last entry that but one motion was overruled. Whether it was that of the appellant Shoemaker or that of the appellant railroad company this court cannot know. Indeed, the language of the entry probably favors the pre-

sumption that a joint motion was overruled, but, so far as the record discloses, no such motion was filed, the only motions set out in the record being the separate motion filed by each appellant.

The record is also deficient in its identification of the defendant who saved the exception to the ruling on said motion and the party who prayed an appeal and was given time to file appeal bond. However, any infirmity as to the identification of the party who prayed an appeal and was given time to file bond is rendered harmless by the abandonment of the term-time appeal and the perfecting of a vacation appeal by both parties. This action, however, can in no way cure or supplement the entry *supra* in the way of identifying or aiding in the identification of the motion for new trial which was overruled or in the identification of the party who excepted to such ruling. It is not only essential to the presentation of any question on appeal that the appealing party, by an assignment of error, specifically point out and designate with certainty some one or more rulings of the trial court, properly assignable as error, as rulings which he alleges to be erroneous, and for which he seeks a reversal, but, before he can obtain any consideration of any particular error so assigned, he must have a record which discloses that the particular ruling upon which such assigned error is based was in fact made by the trial court. *Walter A. Wood, etc., Mfg. Co.* v. *Angemeier* (1912), 51 Ind. App. 258, 259, 260, 99 N. E. 500, and cases there cited; *Kelley* v. *Scanlan* (1913), 55 Ind. App. 611, 613, 104 N. E. 516; *Johnson* v. *Citizens State Bank* (1914), 57 Ind. App. 348, 350, 107 N. E. 35.

In this case the assignment of errors is sufficiently

definite and certain, but the record fails to disclose with sufficient specification and certainty that the ruling assigned and complained of was in fact made by the trial court. It follows that no question is presented by the assigned error challenging the ruling on the motion for new trial. However, we deem it proper to say, in this connection, that from the oral argument of the case and our examination of the briefs and the discussion therein of the several questions presented by such motion for new trial we are convinced that no reversible error is presented by the ruling on said motion.

Judgment below affirmed.

NOTE.—Reported in 115 N. E. 613. Master and servant: liability for tort of servant, 28 L. R. A. 433, 12 L. R. A. (N. S.) 669, 25 L. R. A. (N. S.) 356; joint action against, for negligent or other act of servant, 10 Ann. Cas. 756; liability of master for acts of servant in the course of his employment, 40 Am. Rep. 226. See under (1) 30 Cyc 121, 122; (3) 26 Cyc 1545.