STEEG AND ASSOCIATES, INC. *v.* RYNEARSON

[No. 268A23. Filed November 26, 1968. Rehearing denied December 23, 1968. Transfer denied April 15, 1969.]

*Robert C. Riddell*, Indianapolis, *Locke, Reynolds, Boyd & Weisell*, of counsel, Indianapolis, for appellant.

*James W. Treacy*, Indianapolis, for appellee.

PFAFF, J.—This is an action brought by the appellee, Max Rynearson, against Henry B. Steeg and Associates, Inc., for personal injuries resulting from a collision between appellee's automobile and an automobile operated by one Harold Roach, an employee of the appellant.

Trial was had by jury and a verdict was returned for the appellee in the sum of $3,317.10. Judgment was entered accordingly. Appellant filed a motion for new trial, which was subsequently overruled. The appellant now assigns as error to this court the overruling of said motion. More specifically appellant alleges in the argument portion of its brief that:

1. The Court erred in overruling defendant's motion, made at the close of plaintiff's evidence, to instruct the jury to return a verdict for the defendant.

2. The Court erred in overruling defendant's motion, made at the close of all of the evidence, to instruct the jury to return a verdict for the defendant.

3. Error of law occurring at the trial as follows:

   (a) The Court erred in refusing to give to the jury at the request of the defendant, each of the written instructions tendered and requested by the defendant and numbered 1, etc.

4. The verdict of the jury is not sustained by sufficient evidence.

5. The verdict of the jury is contrary to law.

Prior to the commencement of this action appellee entered into an agreement, entitled a "Covenant", with appellant's employee, Harold Roach. Essentially, this covenant provided that for the consideration of $4,682.90 the appellee agreed not to sue the employee Roach. The appellee, however, expressly reserved the right to sue any other person or persons against whom he may have a cause of action as a result of the damages sustained from the accident.

It is conceded that the sole question before this court is whether a covenant not to sue an employee of the appellant can be used to bar an action against the appellant-employer in a negligence action by the appellee under the doctrine of *respondeat superior*.

Since it is conceded that the same issue is raised by each of the five causes of appellant's motion for new trial, this court will group said contentions together and proceed to treat them as one.

Appellee's action against appellant proceeds on the theory of *respondeat superior*. The Indiana position with respect to the so-called doctrine of *respondeat superior* is well stated in *Illinois, etc., R. Co. v. Hawkins, Admx.* (1917), 66 Ind. App. 312, 317, 115 N. E. 613, as follows:

". . . (u)nder the doctrine of *respondeat superior*, the master or principal is chargeable with, and liable for any negligent act committed by his agent or servant while such servant is acting in the course of his employment and in the line of his duty. In

such cases both master and servant are liable for any injury and damages caused by such negligence, *and either or both may be sued therefor at the option of the injured party* . . ." (Emphasis supplied).

Appellant contends that the "Covenant" executed by the appellee and appellant's employee is in the form of a release, the effect of which is to release both the appellant and its employee from liability. However, the "Covenant" expressly stated that the appellee reserved the right to sue any other person or persons on account of damages arising from the accident.

In *Bedwell v. DeBolt* (1943), 221 Ind. 600, 50 N. E. 2d 875, the Supreme Court of Indiana stated:

"It is well settled that all joint tort-feasors for an injury are discharged by the unqualified release of one. The amount of the consideration paid for such a release is immaterial so long as it is sufficient to support a contract and the transaction is not tainted by fraud or mistake. Likewise, full satisfaction of such a claim for damages by one of the tort-feasors operates to discharge all, though no release is executed. On the other hand, it is equally well settled that a covenant not to sue one tort-feasor does not bar an action against the others, but only operates as a satisfaction of the damages, *pro tanto*, as to the benefits received. But if the consideration paid for a covenant not to sue is full compensation for the injury, the liability is discharged as to all, regardless of the character of the instrument. And it may be added that under an answer of full satisfaction by a joint tort-feasor a de-defendant is entitled to a *pro tanto* credit for anything less than full payment which the plaintiff has received from that source. . . ."

This court is aware that the relationship between employer and employee under the doctrine of *respondeat superior* is not, under a strict definition, that of joint tort-feasors. However, it is well settled that the liability imposed in both instances is joint and several. In the opinion of this court the employer-employee relationship in the case

at bar falls within the ambit of the phrase "joint tort-feasors" as used in the *Bedwell* case, *supra*.

In *Snyder v. Miller* (1939), 216 Ind. 143, 154, 155, 22 N. E. 2d 985, the court was confronted with the issue of determining whether the instrument before it was a covenant not to sue or a release. In finding the instrument to be a covenant not to sue, the court quoted with approval from § 76, 53 C. J. 1253, as follows:

" 'In general, the modern tendency is to construe instruments in the form of releases as covenants not to sue in order to carry out the intention of the parties as appearing from the context and the surrounding circumstances.' "

In the opinion of this court, the intention of the parties as revealed by the surrounding circumstances, was to consider the instrument at bar a covenant not to sue.

Under the above cited authorities "a covenant not to sue one tort-feasor does not bar an action against the others, but only operates as a satisfaction of the damages, *pro tanto*, as to the benefits received. But if the consideration paid for a covenant not to sue is full compensation for the injury, the liability is discharged as to all, regardless of the character of the instrument. And it may be added that under an answer of full satisfaction by a joint tort-feasor a defendant is entitled to a *pro tanto* credit for anything less than full payment which the plaintiff has received from that source. . . ." *Bedwell v. Debolt, supra*.

The evidence shows the agreement between appellant's employee and appellee was for a consideration of $4,682.90. The jury assessed appellee's damages as $3,317.10. In reaching said verdict, we must presume that the jury considered the following instruction, which was tendered and given:

"INSTRUCTION NO. 2
"The evidence is undisputed that plaintiff has already received $4,682.90 in payment of his injuries claimed to

have been received by him in the accident involved in this lawsuit.

"If you find that the plaintiff is entitled to recover from the defendant, but you further find that plaintiff has already received enough money to fully and fairly compensate him for his injuries received in the accident in this lawsuit, then I instruct you that your verdict must and shall be for the defendant."

Based on the authorities cited above, and the reasons stated herein, it is the opinion of this court that the appellant was given a *pro tanto* credit as to the amount paid by his employee under the agreement, as required by law.

Appellant raises other alleged errors of law in its motion for new trial, but having failed to discuss them in its brief, has hereby waived said alleged errors under Rule 2-17 of the Rules of the Supreme Court.

Judgment affirmed.

Bierly and Smith, JJ., concur.

NOTE.—Reported in 241 N. E. 2d 888.