GEORGE WAHLHEIMER, Respondent, *v.* JAMES E. HAR-DENBERGH, Appellant.

Libel — when general manager and secretary of an unincorporated association organized to gather and distribute news is not liable for an alleged libel published as news by such association.

Defendant is general manager and secretary of an unincorporated association organized to gather and distribute news. This action is brought against him for libel. The trial court left it to the jury to say whether he was the real principal in the business carried on by the association. On examination of the record, *held*, error; that there is no evidence that defendant was the principal. There is nothing to justify a conclusion that he is personally liable for the alleged wrongful act either as principal or joint tort feasor, or on the theory of *respondeat superior*, and there is no sufficient basis for a verdict against him.

*Wahlheimer* v. *Hardenbergh*, 160 App. Div. 190, reversed.

(Argued January 26, 1916; decided February 22, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 16, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert W. Candler* and *James L. Putnam* for appellant. There is nothing in the record which warrants a

recovery against the defendant either upon the facts or the law. (*Shoepflin* v. *Coffey*, 162 N. Y. 12; *McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 66; *Sundheimer* v. *City of New York*, 176 N. Y. 495; N. Y. Const. art. 8, §§ 1, 2, 3; Code Civ. Pro. §§ 1919–1924; *Van Aernam* v. *Bleistein*, 102 N. Y. 355; *Rourke* v. *Elk Drug Co.*, 75 App. Div. 145; *Folwell* v. *Miller*, 145 Fed. Rep. 495; *Mecabe* v. *Jones*, 10 Daly, 222; *Crane* v. *Bennett*, 177 N. Y. 106; *Krug* v. *Pitass*, 162 N. Y. 154; *Andres* v. *Wells*, 7 Johns. 260; *Belo* v. *Fuller*, 84 Tex. 450.)

*J. Noble Hayes* for respondent. The recovery of damages in this action against the defendant individually as a responsible participant and joint tort feasor in the issuance and publication of the libelous article in question was proper upon familiar and well-adjudicated principles. (*Stokes* v. *Morning Journal Assn.*, 72 App. Div. 190; *Pickford* v. *Talbot*, 211 U. S. 200; *People* v. *Crane*, 94 App. Div. 397; *Rose* v. *Imperial Engine Co.*, 127 App. Div. 885; *Keller* v. *A. B. Pub. Co.*, 140 App. Div. 311; 18 Am. & Eng. Ency. of Law [2d ed.], 1065; *Mecabe* v. *Jones*, 10 Daly, 222; *Hunt* v. *Bennett*, 19 N. Y. 175; *Smith* v. *Utley*, 92 Wis. 133; *April* v. *Baird*, 32 App. Div. 226; *Ostrom* v. *Greene*, 161 N. Y. 353; *Branagan* v. *Buckman*, 67 Misc. Rep. 242.)

CARDOZO, J. The action is for libel. The defendant is the general manager and secretary of the New York City News Association. That is an unincorporated association organized to gather and distribute news. The articles of association are in evidence. They enumerate the leading newspapers of the city of New York, and state that these newspapers shall constitute the members. They state that new members may be admitted by a two-thirds vote. They call for a certificate of membership to be issued to each member. They provide that expenses shall be met by a *pro rata* assessment. The officers are to be a presi-

dent, vice-president, secretary, treasurer, and an executive committee of five, to be elected at the annual meeting. . Besides the annual meeting there are to be regular quarterly meetings. News furnished to a member is to be used only in the newspapers holding certificates of membership. The association is not to make a profit. It exists only to serve the convenience of its members.

One of the reporters in the service of this association forwarded to the newspapers a statement which, it is conceded, is a libel upon the plaintiff. There is no denial that this distribution was itself a publication, and that the members of the association became answerable for the damages. There is no denial that the proprietor of each newspaper which renewed the publication committed a new wrong, and became answerable for the damages. Indeed, it is conceded that actions have been brought against some or all of the offenders, and judgments recovered. In this action, however, the plaintiff has passed over the proprietors of the newspapers; he has passed over the members of the association; and he has attempted to fasten a liability on the defendant, the general manager and secretary.

The trial judge left it to the jury to say whether the defendant was the real principal in the business. If he was the principal, if the business, regardless of the name under which it was conducted, was in fact his, then, of course, the reporters were his servants, and he was responsible for the libel. But we find no evidence that he ever was the principal. He was not even a member of the association. He was employed by the executive committee; he was paid a salary for his services; and he held his position at the pleasure and subject to the direction of his employers. Undoubtedly, he had large duties of supervision and large powers of control. But the business was not his; the reporters were not his servants; he was not the principal, but the manager.

The argument is made that the association was merely

a name; that it never had a real existence; and hence that the defendant must have been conducting the business for himself. The basis for this argument is the use, in the list of the members, of the names of the newspapers rather than the names of their proprietors. It is true, of course, that a newspaper as such cannot be a member of this or any association; but it is also true that the name of a newspaper may be used as a convenient symbol for its owner (*David* v. *Williamsburgh City Fire Ins. Co.*, 83 N. Y. 265, 268; *Gilligan Co.* v. *Casey*, 205 Mass. 26, 31). It was in this sense that the names were used in these articles of association. The defendant says: " When I say a newspaper is a member I mean that a newspaper holds membership in the association. The corporation, not the editor of the newspaper. These general meetings are meetings of representatives of these corporations, of these newspapers." There is nothing in this record to suggest that the association was a myth. Meetings were held; committees were appointed; assessments were levied; managers and other agents were employed. Some one must have done these things. They were not done by the defendant. They were not his activities. They were the activities of the members. To identify the members would not have been a hard task. They seem to be sufficiently identified by the defendant's testimony. There is nothing to show that the task was one to which the plaintiff ever addressed himself with sincerity. But difficulty in identifying members, even if the existence of the difficulty were to be assumed, is not sufficient ground for charging upon their agent a vicarious liability.

We hold, then, that there is nothing in this record to justify the conclusion that the defendant was the principal. That, however, is the one theory on which the case went to the jury. But if other theories of liability were to be considered, they would be found to be equally untenable. On this subject it is impossible to add anything

to what was so well said by Mr. Justice CLARKE in his dissenting opinion at the Appellate Division. The defendant, if he was not the principal, cannot be held on the theory of *respondeat superior*. The reporters were not engaged in his business; they were in the service of the association (*Folwell* v. *Miller*, 145 Fed. Rep. 495, 498). He was not even an editor (*Smith* v. *Utley*, 92 Wis. 133; *Folwell* v. *Miller*, *supra*). It was not his duty to edit or to approve or even to read the work of the reporters. He cannot be held as a joint tort-feasor. If he had anything to do with the publication the case would be different. But he had nothing to do with it. He did not procure it or participate in it or know anything about it. Yet he has been held liable for damages, and the jury were even told that the damages might be punitive. We think there is no sufficient basis on which such a verdict may stand.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, CHASE and HOGAN, JJ., concur, and WILLARD BARTLETT, Ch. J., concurs in result; CUDDEBACK and POUND, JJ., dissent on the ground that the evidence presented a question of fact for the jury.

Judgment reversed, etc.