## SOURBIER ET AL. v. BROWN.

[No. 23,249.   Filed June 25, 1919.   Rehearing denied November 20, 1919.]

1. LIBEL AND SLANDER.—*Publication.*—The actionable wrong in libel is the publication of the false and defamatory writing. p. 558.

2. LIBEL AND SLANDER.—*Joint and Several Liability.*—The writer and a person making publication of a libel are jointly and severally liable.   p. 559.

3. LIBEL AND SLANDER.—*"Primary Publication."*—*Mailing.*—The sending of a libelous circular letter by mail constitutes a primary or original publication thereof as to persons reading the letter.   p. 559.

4. LIBEL AND SLANDER.—*"Secondary Publication."*—The exhibiting or remailing of a libelous letter by a person receiving it constitutes a secondary publication.   p. 559.

5. LIBEL AND SLANDER.—*Joint Actions.*—A joint action cannot be maintained against the maker of a secondary publication and the makers of the primary publication for the recovery of all damages resulting from the primary publication.   p. 559.

6. LIBEL AND SLANDER.—*Secondary Publication.*—*Liability.*—The maker of a secondary publication of libelous matter is liable for the consequences thereof, but he is not responsible for a primary publication in which he did not participate.   p. 559.

7. LIBEL AND SLANDER.—*Copying Primary Publication.*—*Liability.*—A person who copies primary libelous matter and publishes or otherwise distributes copies thereof is guilty of publishing a new and distinct libel for the consequences of which he is responsible to the exclusion of the makers of the primary publication.   p. 560.

8. TRIAL.—*Verdict.*—*Special Interrogatories.*—Answers to special interrogatories cannot prevail against the general verdict unless they clearly find facts that cannot be reconciled with the general verdict.   p. 560.

9. LIBEL AND SLANDER.—*Verdict.*—*Special Interrogatories.*—In a libel action against two defendants as joint tort-feasors, in which a joint verdict and a joint judgment were rendered, an answer to a special interrogatory negativing a charge of conspiracy on the part of one of the defendants as to the publication of the libelous matter was not in conflict with the general verdict which did not rest solely on the charge of conspiracy contained in the complaint, there being other allegations that such defendant composed the libelous matter, procured it to

be published and participated in the publication, the proof of any one of which would render him jointly liable with another participating therein. p. 561.

10. LIBEL AND SLANDER.—*Verdict.*—*Special Interrogatories.*—*Conflict.*—In a libel action against two defendants jointly, in which a joint verdict and a joint judgment were rendered, an answer to a special interrogatory finding that one of the defendants either composed the letter or caused it to be published, it not showing which of the two acts he did, is not in conflict with the general verdict, as the court on appeal will regard the general verdict as finding that such defendant did both of such acts as charged in the complaint. p. 561.

11. TRIAL.—*Verdict.*—*Special Interrogatories.*—*Presumptions.*—Where an answer to an interrogatory, when considered in connection with the interrogatory to which it is responsive and with other interrogatories and answers relating to the same subject, is not doubtful and uncertain, but is susceptible of a reasonable meaning consistent with the general verdict, it is the duty of the court to uphold the general verdict, since all presumptions are indulged in its favor. p. 562.

12. APPEAL.—*Sufficiency of Evidence.*—*Answers to Interrogatories.*—In determining whether the evidence is sufficient to support the verdict, answers to interrogatories will be accepted as establishing facts so found, unless there is a total want of evidence to sustain it. p. 565.

13. LIBEL AND SLANDER.—*Evidence.*—*Sufficiency.*—In an action for libel, evidence that the defendant told witnesses before the publication of the alleged libelous matter that such matter would appear concerning the plaintiff and the testimony of the plaintiff that such defendant had said to him, "Oh I will show you up good and proper * * *. I will show up your consistency," with other similar evidence, is *held* sufficient to sustain the verdict that such defendant composed the libelous matter and caused it to be published. p. 566.

14. TORTS.—*Joint Liability.*—A person is not liable as a joint tort-feasor unless he participated in the wrongful act which caused the injury. p. 567.

15. LIBEL AND SLANDER.—*Joint Liability.*—In an action for libel against two defendants, a showing that both participated in the unlawful act is sufficient to create joint liability, it being unnecessary that they acted with a common motive or design. p. 568.

16. TRIAL.—*Instructions.*—*Necessity of Requests.*—In a libel action against two defendants, an instruction that, if either defendant participated in the publication of the libel, to find against such person or persons so participating, was not

erroneous for failing to distinguish between primary and secondary publication, where the defendant objecting claimed he was liable only for republication, but tendered no instruction on that theory.   p. 568.

17.  LIBEL AND SLANDER.—*Instructions.*—*Necessity of Requests.* —In an action for libel, where one of two defendants claimed he was liable only for a secondary, and not a primary, publication of the libel, an instruction that, if such secondary publication was established, then both defendants were liable, is incomplete, but not erroneous in the absence of a tender of a complete instruction on the subject by the party objecting. p. 569.

18.  LIBEL AND SLANDER.—*Instructions.*—*Reversible Error.*— Where one of two defendants claimed he was liable only for secondary, and not a primary, publication of a libel, an instruction authorizing only one basis for estimating damages, which was applicable only to a verdict for a primary publication, was erroneous, where another instruction authorized a verdict for the plaintiff based on a secondary publication alone, since the jury must have understood that the damages to be awarded against such defendant for participation in the secondary publication should rest on the same basis as though he had participated in the primary publication.   p. 570.

19.  APPEAL.—*Failure to File Briefs.*—*Dismissal.*—Where an appellant filed no briefs in support of his assignments of error, the appeal will be dismissed.   p. 572.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by George W. Brown against Edward G. Sourbier and William Hansman. From a judgment for plaintiff, the defendants appeal.   *Reversed.*

*Frank C. Groninger, Taylor E. Groninger, Ella M. Groninger, Michael A. Ryan, John C. Ruckelshaus, Russell J. Ryan, Joseph B. Kealing* and *Martin M. Hugg,* for appellants.

*Charles T. Hanna, Thomas A. Daily, Otis E. Gulley* and *Edgar M. Blessing,* for appellee.

LAIRY, C. J.—This is an appeal from a judgment for $25,000 rendered in an action brought by appellee against appellant Edward G. Sourbier and William

Hansman.   The complaint is based on a certain circular letter set out in the complaint and alleged to be false, defamatory and libelous.   The complaint charges that Sourbier and his codefendant, Hansman, and each of them, conspired together and with their coconspirators for the purpose of defeating appellee as a candidate for election to the office of treasurer of Marion county, at the election of 1914, for which office appellant Sourbier was one of the opposing candidates, and to blacken and destroy appellee's good reputation in the city of Indianapolis and Marion county, and to expose him to public disgrace, ridicule, hatred and contempt.   To that end, it is alleged, the appellant Sourbier and his codefendant, Hansman, and each of them, did compose, print and publish the circular letter set out in the complaint.   The complaint further alleges that there were at the time of such publication 72,388 registered voters in Marion county, and that appellant Sourbier and his codefendant, Hansman, and their coconspirators planned to place a copy of said circular letter in the hands of every voter just prior to the election, and to that end Hansman, who owned a printing establishment, printed 100,000 copies of said circular letter for a consideration paid him by appellant Sourbier, and that Sourbier and his codefendant, Hansman, and each of them and their coconspirators and agents mailed and caused to be mailed and delivered by United States mail a copy of said circular letter to each and every registered voter in Marion county on the Saturday and Sunday immediately preceding the general election of 1914.

Enough of the substance of the complaint is set out to indicate how the questions presented and later discussed arise.   The verdict returned by the jury was against both defendants jointly, and the judgment followed the verdict.

Appellant Sourbier asserts that the facts disclosed

at the trial show that the original publication consisted in mailing, circulating, and otherwise distributing the circular letters to the voters of Marion county, and that he did not in any way advise or procure that publication to be made, and that he did not in any way act or participate in the making of that publication either directly or indirectly, and that he had nothing to do with composing or printing the circular letter or causing it to be published in the first instance. He admits that he had two copies of the letter in his possession, one of which was handed to him on the street, and the other of which he received through the mail; and he further admits that he showed one of the copies in his possession to certain of his friends and acquaintances. Under this state of facts, which appellant claims to be disclosed by the record beyond controversy, he takes the position that he is not liable under the law for any damage caused by the original publication either jointly with his codefendant or severally. His position is that he could be held answerable under the law only for the damages occasioned by the publication which he made or participated in making, and that under the rule so stated he could be held liable for the damage only which resulted from the new publication or republication of the circular in his possession by him in exhibiting it to certain of his friends. He concedes that, as to any damage resulting from the republication made by him, the law makes him liable either individually or jointly with the original publisher at the option of the injured party.

The court is of the opinion that the position of appellant is correct as to the law when applied to a state of facts such as he claims to exist in this case.

The actionable wrong in libel is the publication of the false and defamatory writing. A person who composes and reduces to writing a libelous article against
1. another does not thereby commit an actionable

wrong, so long as he does not publish it or permit it to come into the hands of others; but if he

2. publishes it, or if another gets possession of it, either with or without his consent, a publication by such other person makes the original composer and writer liable for all damages occasioned by the publication. The writer and the person making the publication are both jointly and severally liable in such a case. Townshend, Slander and Libel, §§115, 116; Odgers, Libel and Slander 257; *Miller* v. *Butler* (1850), 60 Mass. (6 Cush.) 71; *Indianapolis Sun Co.* v. *Horrell* (1876), 53 Ind. 527.

The sending of a libelous circular letter by mail constitutes a publication of the libelous matter therein contained to every person who reads such letters.

3. This may be termed the original or primary publication. If a person who receives one of such letters exhibits it to another or remails it, either

4. of such acts would constitute a republication of the libelous matter to all who learn its contents as a result of the exhibition or remailing. This may be termed a secondary publication. The person injured may sue all who participate in making the original publication either jointly or severally and recover for all resulting damages. *Belo* v. *Fuller* (1892), 84 Tex. 450, 19 S. W. 616, 31 Am. St. 75.

He cannot maintain a joint action, however, against the maker of a secondary publication and those responsible for the primary publication for the recovery

5. of all damages resulting from the primary publication. *Union Associated Press* v. *Heath* (1900), 49 App. Div. 247, 63 N. Y. Supp. 96.

The maker of a secondary publication is liable for the consequences of the publication which he makes or participates in making, but he cannot be held respon-

6. sible for the results of the primary publication

unless it is shown that he also made that or participated in making it.   By the term "secondary

7.  publication," as here used, is meant a republication by exhibiting, remailing or otherwise disseminating the original written or printed article.   It does not include the dissemination of copies of the original libelous article.   A person who copies the original · libelous article and publishes or otherwise disseminates the copies is guilty of publishing a new and distinct libel for the consequences of which he is responsible to the exclusion of those who made the primary publication. Thus the publisher of a newspaper containing a libelous article cannot be held for damages occasioned by other newspapers copying and publishing the article.   *Hays* v. *Perkins* (1899), 22 Tex. Civ. App. 198, 54 S. W. 1071; *Saunders* v. *Mills* (1829), 6 Bing. 213; *Palmer* v. *N. Y. News Pub. Co.* (1898), 31 App. Div. 210, 52 N. Y. Supp. 540.

As stated, the complaint seeks to recover damages against both defendants jointly and severally resulting . from the primary publication of the circular let-

8.  ter.   The case was tried on that theory and resulted in a joint verdict and a joint judgment. Appellant asserts that the answers to the interrogatories show affirmatively that appellant Sourbier had no part in the making of the primary publication.   If appellant is correct in this statement, the general verdict cannot stand as against the interrogatories; but, such answers cannot prevail against the general verdict unless they clearly and unequivocally find a fact or facts which cannot be reconciled with the verdict rendered.

In determining whether the answers to the interrogatories are in conflict with the general verdict, the court can consider only the issues, the general verdict and the interrogatories and answers thereto.   In passing on the question thus presented the court regards the general

verdict as deciding every issue of fact in favor of the prevailing party, and, so regarded, the general verdict amounts to a finding in favor of the prevailing party of every fact essential to sustain and uphold the verdict and a finding against the losing party on every fact necessary to constitute an affirmative defense. Unless the answers to interrogatories clearly and unequivocally find against the prevailing party as to a fact or facts which are indispensably necessary to sustain his right to recover, or find a fact or facts in favor of the losing party which are sufficient to constitute a defense, the general verdict must stand as against the assault made by the motion for judgment on the interrogatories.

Appellant Sourbier was sued as a joint tort-feasor with William Hansman. A verdict was returned against both defendants jointly, and a joint judgment was rendered. Appellant Sourbier asserts that facts are found by answers to the interrogatories which show clearly and unequivocally that he was not a joint tort-feasor with his codefendant either in composing or printing the alleged libelous letter or in making the original publication of such letter, and that he did not conspire with his codefendant to print and publish such letter as alleged in the complaint. Appellant does not claim that the answers to the interrogatories are otherwise in conflict with the general verdict.

Interrogatory No. 4 finds that appellant Sourbier did not at any time advise, counsel or conspire with his codefendant to publish any libel against appellee.

9. This finding negatives the charge of conspiracy contained in the complaint; and if the verdict rested solely on that charge it could not stand.

10. The verdict, however, does not rest solely on that charge. If appellant Sourbier composed the letter or procured it to be printed or actively participated

in its original publication, he would be a joint tort-feasor with the others who participated in bringing about the original publication of the letter, and would be jointly liable with them for all damages resulting from such publication.    Interrogatory No. 5 is double and is also in the alternative.    It finds that appellant Sourbier either composed the letter or that he caused it to be published, but the court cannot determine from the interrogatory and answer which of the two acts he did. In passing on the question under consideration the court regards the general verdict as finding that he did both of such acts as charged in the complaint.    It thus appears that this interrogatory is not in conflict with the general verdict.    It is not required to aid it and it does not in any manner conflict with it.    This interrogatory is therefore without force or effect and cannot be considered.

The other answers relied on as being in conflict with the general verdict find that appellant Sourbier and his codefendant were not acquainted prior to the election of 1914; that Sourbier did not at any time have in his possession more than two of the circular letters concerning appellee; that he exhibited the circular received by him to certain of his friends and acquaintances; that when he exhibited such letter, he did not know or vouch for the truthfulness of the statements contained therein; and that he never did more than exhibit such circular to certain friends and acquaintances.    The facts that appellant Sourbier did not know his codefendant, who is charged with printing the circular letter, prior to the time of its publication, and that he did not advise, counsel, or conspire with him to publish or circulate it, do not negative the facts that he composed it and caused it to be originally published and circulated as charged in the complaint and as found by the general verdict.    If he did either, or if he actively

participated with his codefendant in either, he was a joint tort-feasor with respect to the original publication. It is asserted that the answer to interrogatory No. 14, in which the jury found that appellant Sourbier did no more than exhibit the circular letter received by him to certain friends and acquaintances, negatives the fact that he had done, or participated in doing, anything with reference to composing it or procuring it to be printed or published in the first instance. If the answer taken in connection with the interrogatory to which it is addressed and the other interrogatories on the same subject, conveys the meaning ascribed to it by appellant with such clearness and certainty as to preclude any other meaning consistent with the general verdict, the court would be required to adopt that meaning and give effect to it in deciding the question presented. Given that meaning, the answer under consideration would amount to a finding that appellant Sourbier did not compose the alleged libelous letter, and that he did not cause it to be printed, and that he did not in any way participate in the original publication of the article. The effect of such a finding would be to overthrow the general verdict which is based on the joint tortious acts of appellant and his codefendant in making the original publication of the circular letter. On the other hand, if the answer, when considered in connection with the interrogatory to which it is responsive and with the interrogatories and answers relating to the same subject, is doubtful and uncertain in its meaning, and if it is susceptible of a reasonable meaning consistent with the general verdict, it is the duty of the court to adopt such meaning and uphold the general verdict. All presumptions are indulged in favor of the general verdict. *Lavene* v. *Friedrichs* (1917), 186 Ind. 333, 115 N. E. 324, 116 N. E. 421.

The answer to interrogatory No. 7 finds that appel-

lant Sourbier never had more than two of the circular letters in his possession. By the answer to interrogatory No. 12 the jury finds that he exhibited the circular letter received by him to certain of his friends. The answer to interrogatory No. 13 finds that at such time he did not know or vouch for the truthfulness of the statements contained therein, and the answer to interrogatory No. 14 finds that he never did more than exhibit such circular to certain friends. These interrogatories were directed to the conduct of appellant Sourbier in connection with the particular copies of the circular letter in his possession and the exhibition of such letter to certain of his friends. By the thirteenth interrogatory the attention of the jury was directed to his conduct at the time he exhibited those letters to friends, and, in response to the question therein contained, it answered that he did not know or vouch for the truth of the statements contained in the letter. In answer to the interrogatory next following the jury stated that he never did more than exhibit such circular letter to certain friends. When the answer to interrogatory No. 14 is considered in connection with the interrogatory and the answer immediately preceding it and the other interrogatories and answers relating to the same subject, its meaning and application are open to great doubt and uncertainty. The jury may have understood that interrogatory No. 14 had reference to the conduct of Sourbier in connection with the particular copy of the letter in his possession and as to what he said and did at the time he exhibited it to friends. It had stated in answer to the previous question that he did not vouch for the truthfulness of the statements, and in its answer to the fourteenth interrogatory the jury may have meant that he did not comment on the statements and that he made no use of the circular in his possession other than to exhibit it to certain friends. The attention of the

jury was not directed to his conduct at the time and in connection with the original publication, and the answer probably had no reference thereto, but most likely was confined to his conduct with reference to the circular letter in his possession. The meaning of the answer is at least doubtful and uncertain, and all such doubts must be resolved in favor of the general verdict.

The general verdict finds that appellant Sourbier composed the circular letter, procured it to be printed, and participated in the original publication. If the jury meant for their answer to have the limited application indicated it does not conflict with the general verdict. So construed the interrogatories do not directly and affirmatively show that appellant was not a joint tort-feasor with his codefendant in making the original publication. Appellant's motion for judgment in his favor on the interrogatories was properly overruled.

Appellant Sourbier also assigns as error the action of the trial court in overruling his motion for a new trial. Under this head several questions are presented arising under different causes assigned.

The first question thus presented challenges the sufficiency of the evidence to sustain the verdict. In presenting this question appellant's counsel start out

12. with the statement that the answers to the interrogatories show clearly and positively that appellant Sourbier did not participate in and that he had nothing to do with the making of the primary publication of the circular letter. It is settled by the decisions of this state that the courts, in determining whether the evidence is sufficient to sustain the verdict, will consider any facts properly found by answers to interrogatories. The material facts directly and positively found by the answers to the interrogatories will be regarded by the court as established by evidence even though there may be a conflict in the evidence as to the fact or facts so

found. The jury having considered and weighed the evidence as to such facts and having based its answer thereon, the court will accept every fact so found as true, unless there is a total want of evidence to sustain it. *Evansville, etc., Traction Co.* v. *Spiegel* (1911), 49 Ind. App. 412, 422, 94 N. E. 718, 97 N. E. 949; *Barr* v. *Sumner* (1915), 183 Ind. 402, 411, 107 N. E. 675, 109 N. E. 193.

While the rule as stated may be regarded as settled, it cannot avail appellant in this case. The answers to the interrogatories on which appellant relies do not show directly, positively and unequivocally that he did not participate and take part in making the primary publication. The general verdict finds that he composed the letter, and that he caused it to be printed and published, and the finding so made must stand unless there is a total failure of evidence to sustain it.

While there is no direct evidence showing that appellant Sourbier composed the circular letter or that he procured it to be printed and circulated as charged in the complaint, there is ample evidence from which the jury could justly and reasonably infer that he did, or participated in the doing of, all of the acts so charged. It is shown that prior to the time the letter came out he held a conversation with a minister who testified as a witness at the trial in which he referred to appellee's candidacy and mentioned most of the charges which were embodied in the circular letter when issued, stating that such charges were being circulated and predicting that those things would all come out about Mr. Brown before the election. Other witnesses testified to similar statements made by appellant, and appellee testified to a conversation with appellant Sourbier at a time before the circular letter was made public in which Sourbier said, "Oh I will show you up good and proper before the campaign is over. I will

show up your consistency." From the evidence to which reference has been made, and other evidence of a like nature to be found in the record, the jury was justified in drawing the inference that appellant Sourbier composed the circular letter and caused it to be printed and circulated.

To sustain his contention that the verdict is contrary to law, appellant relies on the answers to the interrogatories as showing a state of facts on which no verdict could be legally based fixing a liability on appellant Sourbier jointly with his codefendant. For the reasons heretofore stated this position cannot be sustained.

Other errors presented under the motion for a new trial relate to the giving of certain instructions and the refusal to give each of the instructions tendered by appellant Sourbier. By each of the instructions tendered the court was requested to charge the jury that it would not be warranted in finding the defendants jointly liable unless the preponderance of the evidence showed that they acted in concert or unity in carrying out a common design or purpose to print or publish the alleged libelous circular.

It is true that a person cannot be held liable as a joint tort-feasor with others unless it appears that he participated in the wrongful act which occasioned the injury. Two persons who commit two separate wrongful acts, which result in injury to the same person, cannot be held jointly liable for the damages resulting from such wrongful acts. *West Muncie Strawboard Co.* v. *Slack* (1904), 164 Ind. 21, 24, 72 N. E. 879; *Illinois, etc., R. Co.* v. *Hawkins* (1917), 66 Ind. App. ——, 115 N. E. 613.

Where two or more persons at different times and places deposit rubbish and filth in a stream, the result of which is to befoul the water, they cannot be held jointly liable for the resulting damage. *Martinowsky*

v. *City of Hannibal* (1889), 35 Mo. App. 70; *Miller* v. *Highland Ditch Co.* (1891), 87 Cal. 430, 25 Pac. 550, 22 Am. St. 254; *Willard* v. *Red Bank Oil Co.* (1909), 151 Ill. App. 433; *Chipman* v. *Palmer* (1879), 77 N. Y. 51, 33 Am. Rep. 566.

While it is true that the jury would not have been warranted in holding Sourbier jointly liable with his codefendant for the damages resulting from the primary publication of the circular unless it found that he took some part in composing it or causing it to be printed or that he participated in making the original publication or causing it to be made, still, if the jury so found, it was not necessary that it should further find that he and his codefendant acted from a common motive or with a common design or purpose. It is sufficient to create a joint liability if it is found that they both participated in the commission of the same unlawful act. Cooley, Torts (3d ed.) 247; *City of Valparaiso* v. *Moffitt* (1895), 12 Ind. App. 250, 39 N. E. 909, 54 Am. St. 522.

Instruction No. 5 given by the court, after stating the facts which must be established to show a liability against one or both of the defendants, concludes as follows: "And in the event you find that one or both of the defendants herein participated in the publication of such statement, then your verdict should be for the plaintiff against such person or persons as a fair preponderance of the evidence showed had participated in such publication." Appellant finds no fault with the first part of the instruction; but he does object to the part quoted for the reason that the instruction does not define "participate" as used therein, or limit its application in such a way as to show that it referred to a participation in the original, or primary, publication of the libel, and not to a republication of the circular letter by exhibiting those which he received

to certain of his friends. Under the law as stated in the former part of this opinion appellant was clearly entitled to an instruction limiting his liability to such damages only as resulted from his republication of the circular letters in his possession, in case the jury failed to find from the evidence that he composed the circular letter or caused it to be printed or that he took some part in causing its primary publication to be made. No instruction was tendered on behalf of appellant by which the court was requested to direct the attention of the jury to the original publication as distinguished from the secondary publication admittedly made by appellant Sourbier. If the case was tried below on the same theory on which it is presented in this court, it is rather remarkable that such a request was not made. It is true that the instruction does not state the law applicable to the evidence as fully as appellant was entitled to have it stated, but it states the law correctly so far as it goes. If appellant desired to have the jury more fully instructed, or if he desired to have his theory of the case presented in a more favorable light, it was his duty to tender proper instructions and request the court to give them. Appellant cannot complain because the jury was not more fully instructed.

The portion of the seventh instruction of which appellant complains reads as follows: "If you find from the evidence in this case that the defendant Hansman printed the statement as alleged in the complaint with the reasonable expectation that it would be read by some third person, and suffered the same to come into the hands of the defendant Sourbier, and the same did come into the hands of the defendant Sourbier, and he, the said Sourbier, read a copy of the same and exhibited the same to various third persons so that they could see, and did see, the contents of such printed statement, and that the same tended to bring plaintiff into

disrepute and to degrade and disgrace him, or to expose him to ridicule and contempt, and as a result thereof plaintiff suffered damages, then both of the defendants would be liable to the plaintiff and if you so find your verdict should be for the plaintiff and against both of the defendants—unless you further find that the statements set forth in such printed statement were true." This part of the instruction is directed to liability arising from the secondary publication admittedly made by appellant Sourbier.  By this instruction the jury was told, in effect, that such secondary publication rendered both of the defendants liable and authorized a verdict in favor of the plaintiff against both of the defendants. There can be no doubt that, under the facts stated, there would be a liability against appellant Sourbier for the damages resulting from the secondary publication made by him.  The instruction, however, does not limit the damages that could be recovered under the facts stated therein to such only as were occasioned by the secondary publication.  In this respect it may be said to be incomplete but not erroneous; and as appellant requested no instruction stating the law more fully or placing a proper limitation on the damages recoverable under such state of facts, he is not in a position to complain.

By the seventeenth instruction the court instructed the jury that, if from the evidence and the instructions of the court it found for the plaintiff, it was 18. required to assess the amount of damages to be recovered, and to render its verdict accordingly. The court then proceeded to state what elements of damages the jury might properly consider in arriving at the amount to be awarded.  By this instruction the jury was authorized in making its award of damages to consider the injurious consequences produced by the entire circulation and publication given to the circular letter as shown by the evidence.  This instruction was

correct if the jury found from the evidence and under
the instructions that appellant Sourbier participated in
any way in the making of the primary publication; but
if it failed to so find, and, in obedience to the seventh
instruction, based its verdict on the secondary publica-
tion admittedly made by Sourbier, then the instruction
on the subject of damages was erroneous. It is thus
seen that the jury was authorized by the instructions
to find a verdict against appellant Sourbier and his co-
defendant on either of the two theories. If the verdict
rested on the theory that appellant Sourbier partici-
pated in making the primary publication or causing it
to be made, the damages should be based on the injuries
resulting to appellee in consequence of the publicity
given to the circular by that publication; but if the ver-
dict rested on the theory that he made or participated
in making the secondary publication only, the damages
would be properly based on the injury resulting to ap-
pellee as a consequence of the publication which appel-
lant made or participated in making. By the seven-
teenth instruction only one basis for estimating dam-
ages was given to the jury, and that was applicable only
to a verdict based on the primary publication. By this
instruction the jury was authorized to fix its damages
on the same basis in case its verdict rested on the liabil-
ity of the defendant for making the secondary publica-
tion only. In considering the seventeenth instruction
in connection with the other instructions given, the jury
must have understood that the damages to be awarded
against the defendant, in case he participated in the
secondary publication only, should rest on the same basis
and should be in the same amount as though he had
participated in making the original publication. This
instruction is not incomplete, but it is erroneous. By
the seventh instruction the court stated to the jury the
facts which it was required to find in order to justify

a verdict based on the secondary publication only, and by this instruction authorized the jury to find such a verdict if the facts so stated were proved. If the court had given no instruction which authorized a verdict on that theory, it is possible that no error would have been presented in the absence of a request for proper instructions presenting that theory; but, as the instructions expressly authorize a verdict on that theory, and the instruction given on the subject of damages is erroneous as applied to that theory, the latter instruction must be held to be erroneous.

Such an instruction as applied to the evidence in this case was clearly prejudicial. The defendant Sourbier admitted that he had made the secondary publication, and, under the seventh instruction, he was clearly liable unless the charges contained in the circular letter were found to be true. He denied that he had any connection with making the primary publication, and an issue of fact was thus presented on which the evidence was conflicting. There was no direct evidence showing that he participated in making the primary publication or in causing it to be made, but circumstances were shown from which such participation could be reasonably inferred. The verdict finds against the defendant on the theory that he was responsible for one or the other of such publications, and the court has no means of knowing on which of such publications the verdict rests. The motion of appellant Sourbier for a new trial should have been sustained.

The defendant Hansman filed assignments of error on the transcript, but filed no brief in support of such assignments. For failure to file a brief in support of his assignments of error as provided by the rules of this court, the appeal as to Hansman is ordered dismissed.

The judgment is reversed as to appellant Sourbier,

with instructions to the trial court to sustain his motion for a new trial.

The death of appellee, George W. Brown, since the submission of the appeal having been suggested to the court, it is ordered that this judgment be, and the same is hereby, rendered as of the date of submission of this cause.

NOTE.—Reported in 123 N. E. 802. See under (1-4) 25 Cyc 365-370, 427; (5) 25 Cyc 434; (6) 25 Cyc 430; (7) 25 Cyc 367.