THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of FRANK J. BAYER, Complainant, *v.* HERMAN FERDINAND, Defendant.

City Magistrates' Court of New York, Borough of Manhattan, Twelfth District, November 15, 1939.

*George Berkowitz*, for the complainant.

*Bennett I. Schlessel*, for the defendant.

ROTHENBERG, C. M.  This is a prosecution under section 440 of the Penal Law which requires persons conducting or transacting business under an assumed name to file in the office of the county clerk a certificate setting forth the true name of the owners of the business.

The defendant is the president of the H. & B. Caterers, Inc., a New York corporation, which operates a restaurant at 3869 Broadway, in the county of New York, under the name of " Gasner's Restaurant."  It was conceded by the defendant that no certificate was filed.

It is contended in behalf of the complainant that the said corporation, by trading under the name of " Gasner's Restaurant " instead of under its corporate name, is conducting business under an assumed name within the meaning of section 440 of the Penal Law and should have filed a certificate as required by said statute, notwithstanding subdivision 4 thereof which provides: " This section shall in no way affect or apply to any corporation duly organized under the laws of this State, or to any corporation organized under the laws of any other State and lawfully doing business in this State, nor shall this section be deemed or construed to prevent the lawful use of a partnership name or designation, provided that such partnership name or designation shall include the true or real name of at least one of such persons transacting such business."

It is argued that though this provision was intended to exempt the use of a *corporate* name from the operation of subdivision 1 of section 440 of the Penal Law, it does not exempt a corporation from the use of an *assumed* name, other than the corporate name under which it may choose to transact business; that in the latter event the statute is as applicable to a corporation as it is to an individual; that, since the statute was enacted to prevent commercial frauds, the Legislature could not have meant to defeat its own purpose by making it applicable to individuals and at the same time exclude corporations from its effect.

There do not appear to be any authorities directly in point. However, the court is of the opinion that the contention is untenable. Subdivision 4 of section 440 of the Penal Law is not to be construed as conferring upon a corporation the right to conduct business under an assumed name. A corporation is an artificial creation, having no natural or inherent powers, but only such powers as its charter confers upon it. The name of a corporation is essential to existence. Upon the filing of a certificate of incorporation the corporate name becomes a species of property that will be protected by law. The Legislature has clearly manifested its intention that only the corporate name shall be used by a corporation in the conduct of or in connection with its business.

Section 9 of the General Corporation Law provides that every corporation, by the use of appropriate phrasing in its name, or in connection therewith, shall indicate its corporate character. It would have been meaningless to enact precise provisions of law as to forms of corporate names if, after incorporation, any other name could be used in place thereof. (*People* v. *Ballard*, 134 N. Y. 269; *Scarsdale Publishing Co.* v. *Carter*, 63 Misc. 271; *Matter of United States Mortgage Co.*, 83 Hun, 572; *McGary* v. *People*, 45 N. Y. 153.)

This principle should not, however, be confused with the recognized right of a corporation to use a valid trade name in connection with the operation of its business. The courts have distinguished between the conducting of a business under an assumed name and the use in connection therewith of a trade name, style or symbol. (*Samuel Stores* v. *Queen City Credit Clothing Corp.*, 157 Misc. 186; *Great Atlantic & Pacific Tea Co.* v. *A. & P. Meat Market, Inc.*, 138 id. 224; *Stogop Realty Co., Inc.*, v. *Marie Antoinette Hotel Co.*, 217 App. Div. 555; *Wahlheimer* v. *Hardenbergh*, 217 N. Y. 264.)

Subdivision 4 of section 440 of the Penal Law does not give to a corporation a right which an individual does not possess. On the contrary, the statute being restrictive upon the exercise of a right which, but for its enactment, an individual would have had, plainly the meaning of subdivision 4 must be that the same restriction does not apply to a corporation, since a corporation does not originally have the right to do business under an assumed name.

The Attorney-General of the State appears to have taken the same view. Subdivision 4 expressly excludes corporations from its operation. Hence, the filing by a corporation of a certificate in the office of the county clerk indicating an intention to do business under an assumed name will not be sufficient to make its action lawful. (Op. Atty.-Gen. [1912] p. 109.)

As bearing upon the present prosecution, it should be borne in mind that a criminal statute must be strictly construed. (*People*

v. *Stoll*, 242 N. Y. 453.)   Since subdivision 4 expressly excludes a corporation from the scope of section 440, the commission of a. crime under that section may not be inferred by interpretation or construction.

As to the further charge that the defendant failed properly to comply with the provisions of section 440-a of the Penal Law, which provides that " Every person   *   *   *   or corporation owning *   *   *   any   *   *   *   store   *   *   *   shall cause the true, full name   *   *   *   of such   *   *   *   store   *   *   *   to be publicly revealed and prominently and legibly displayed   *   *   * upon the exterior of the building containing the same," the evidence showed that the exterior plate glass show window of the restaurant in question bore thereon in gold leaf lettering about an inch and a half in height the inscription: " Formerly Gasner's Restaurant, operated by H. & B. Caterers, Inc."   The court finds this to be a sufficient compliance with the provisions of section 440-a of the Penal Law.   The complaint is dismissed.