JUAN MULERO, Plaintiff and Appellee, *v.* TULIO MARTÍNEZ CASANOVA, Defendant and Appellant.

No. 8154. Argued March 7, 1941.—Decided March 21, 1941.

*F. González Fagundo*, for appellant.   *F. R. Aponte*, for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

Juan Mulero sued Tulio Martínez Casanova before the District Court of Humacao, for damages.  He alleged, that he was a merchant and that he had always enjoyed a good reputation and credit.  As his first cause of action he alleged that the defendant, wilfully and in the presence and within earshot of a number of persons, uttered the following words relative to the plaintiff and his business: "He keeps false accounts and I can prove it"; and as his second cause of action, that on the same dates and under the same circumstances as the first, the defendant said referring to the plaintiff: "You are a thief."

The defendant answered denying all the essential facts of the complaint and in defense alleged that on the date to which the plaintiff refers he did not enjoy any credit and he did not conduct any business enterprise.

After hearing the case, the lower court dimissed the complaint as to its first cause of action and gave judgment on the second one, ordering the defendant to pay $300 as damages, plus costs and $100 for attorney's fees.

The defendant appellant alleges that the lower court erred in finding "that the phrase 'You are a thief', in the manner in which it was said in this case is libelous *per se*"; in condemning the defendant to pay damages, costs and attorney's fees, and in appraising the evidence.

The appellant admits that the charge of "thief" is by itself sufficient to give to the offended person a cause of action against the offender, but alleges that said cause of

action does not exist when the charge is made by a landlord to his tenant. And in support of his strange theory, according to which the landlord could slander and abuse his tenant with impunity and vice-versa, he cites Section 5 of the Act of February 19, 1902, entitled "An Act authorizing civil actions to recover damages for libel and slander", (Comp. Sts. 1911, Sec. 1688), which reads as follows:

"Section 5.—Malice shall be presumed to exist in any injurious communication or writing made without justifiable motive and addressed to any person other than to a relative within the third degree, or to a person whom the author has under his guardianship, or when said communication passes between persons having business in partnership or other similar association."

As authority to construe said Section 5, the appellant cites the case of *Jiménez* v. *Díaz Caneja,* 14 P.R.R. 9, wherein the defendant Díaz Caneja addressed a letter to Borrás, who was his tenant and attorney-in-fact, in which he called the plaintiff Jiménez, who was in possession of the leased property, a "thief", "usurper" and "scoundrel". It was held, according to Section 5, *supra,* that since between the defendant and Borrás there was "a relation . . . similar to that of partnership" and a community of interests, "there is in favor of Manuel Díaz Caneja the presumption of having acted without malice, and the burden is on the plaintiff to prove that there was malice on the part of the defendant."

Let us see what is the reason or legal ground for said rule. *Libel,* according to Section 2 of said law, is "the malicious defamation of a person made public by writing, printing, sign, picture, representation, effigy, or other mechanical mode of publication tending . . . . to injure him in his business." *Slander,* according to Section 3 of the same statute is "a false and unprivileged publication other than libel, which imputes to any person the commission of a crime, or tends directly to injure him in respect to his . . . trade or business, etc."

█ As may be seen, when we have to do with an action based on libel, that is, a defamation made in writing, malice is an essential element for the existence of a cause of action. Not so in the case of slander because it is sufficient that the publication be false or illegal.

█ The essential element, both in libel and slander, is the *publication*. When the defamatory charges are communicated in writing or by word to a third person, that is, to a person different from the one slandered or libeled, then there exists the necessary publication for a cause of action to arise. For example, if A in a letter addressed to B, or addressing B personally by word of mouth, without the knowledge of others, says to him: ''You are a thief,'' B has no cause of action against A because the slanderous charge has not been published. See: *McLaughlin* v. *Schnellbacher,* 65 Ill. App. 50; *Sourbier* v. *Brown,* 188 Ind. 554, 123 N. E. 802; *Dickinson* v. *Hathaway,* 122 La. 644, 21 L.R.A. (N .S.) 33; and 36 C. J. 1223, Secs. 169 and 172.

The evidence offered by the plaintiff and believed by the trial court establishes clearly and sufficiently the fact of the publication of the defamatory and slanderous charges. The plaintiff and his two witnesses testified that the defendant, in the presence of said witnesses and addressing the plaintiff, said to the latter: ''You are a rascal and a thief and you took away from me two electric drop cords and a chimney broom.''

█ When what is charged to the plaintiff, as in the case at bar, is the commission of a crime for which he could be tried, the presumption of innocence that the law establishes in favor of every person is *prima facie* evidence of the falsity of the charge and of the lack of a probable cause of action. The fact of publication being established, it was the duty of the defendant to prove in his defense the truth of the facts publicly charged by him to the plaintiff. See: *Fennell* v. *Giuffey,* 139 Pa. 341, 20 Atl. 1048.

The interpretation which the defendant appellant gives to Section 5, *supra,* is completely mistaken. If we were to admit it as correct, we would have to admit that everyone has the privilege or right to defame, as long as between the defamer and defamed there exist relations such as those of partners, attorney and client, principal and agent, landlord and tenant, guardian and ward, and others of the same kind. According to that interpretation an attorney could go to the public square and shout before the public that his client is a thief without incurring in any liability.

To more· exactly understand the significance and scope of the aforesaid section let us set up two examples:

(1) A, B's attorney, writes to the latter and tells him that C is a thief. In this case it cannot be presumed that A acted with malice, because between A, who made the slanderous charge, and B who received it, there exists the relation of attorney and client. The communication in this case is considered privileged and the person defamed has no cause of action against the defamer unless he proves that the latter acted maliciously.

(2) A, who is the attorney of B, writes to C and tells him that B, his client, is a thief. The communication is presumed malicious and does not have the character of privileged communication as between A, the defamer, and C, the third person to whom the slanderous charge was communicated, there is no relation which can give to the communication a privileged character.

"The chief distinction between a privileged communication and one that is not privileged is that in the latter, malice is implied as a matter of law from the publication of the defamatory matter, while in the former, actual or express malice may be necessary in order to establish the right of action. . . Where the communication is absolutely privileged the question of malice is immaterial." 36 C. J. Sec. 167, page 1218.

In the case at bar the defendant appellant can claim no privilege. If the words uttered by him against the plaintiff

had been addressed to him and no other person had heard them, in that case the plaintiff would have no cause of action, because the element of publication would be missing, that is, the communication of the defamatory charge to a third person. The evidence shows that there was the necessary publication because the slanderous charge was made to the plaintiff in the presence of, and was heard by, two other persons. And between these two persons and the slanderer there were not any relations which could give to the communication a privileged character.

██ The question of whether Mulero was or not a merchant on the date when the charge was made is immaterial. When what is charged is the commission of an act which constitutes a crime, the libel or slander is actionable *per se* and the plaintiff is not bound to prove that he suffered damages in his business.

The judgment appealed from must be affirmed.