## SPRIGGS v. ASSOCIATED PRESS et al.
### Civil Action No. 2911.

District Court, D. Wyoming.

May 1, 1944.

John J. Spriggs, pro persona, of Lander, Wyo., for plaintiff.

C. R. Ellery, A. G. McClintock, and Norman B. Gray, all of Cheyenne, Wyo., for defendant Associated Press.

KENNEDY, District Judge.

The above entitled cause is before the Court at the present time on a motion to remand interposed by plaintiff. The suit was instituted in the District Court of Fremont County, Wyoming, and removed by defendant, Associated Press, upon the ground of a separable controversy. This was followed by plaintiff's motion to remand.

The attorney for plaintiff requested that the motion to remand be considered as to him upon a memorandum of authorities in lieu of oral argument and this was consented to by opposing counsel who, however, presented an oral argument together with a citation of authorities.

The cause is one grounded in libel in which, in addition to the defendant Associated Press, are joined the Casper Tri-

bune-Herald and the Cheyenne Newspapers, Incorporated (the latter defendant alleged to be publishing the Wyoming State Tribune and the Wyoming Eagle, newspapers circulating from its city plant in Cheyenne, Wyoming). Before the removal an amendment to the original petition was filed bringing in the remaining defendant, Ernest L. Newton and likewise amending certain paragraphs of the original petition. The plaintiff and all defendants are citizens and residents of Wyoming with the exception of the defendant Associated Press, a citizen and resident of the State of New York. The petition is long and involved, containing approximately fifty pages of closely typewritten matter making it somewhat difficult to analyse. It is moreover overflowing with legal conclusions, argumentative statements and repetitious clauses. It is undoubtedly an outstanding example of offense against Rule 8 of the Rules of Civil Procedure in the Federal Courts, 28 U.S.C.A. following section 723c.

As previously stated, the removal proceeding was brought upon the ground of there being a separable controversy set up between the plaintiff and the non-resident defendant Associated Press. The motion to remand is made up largely of legal conclusions and there is no traverse of the allegations of the petition for removal as to the separable controversy except that the plaintiff avers that there is no separable controversy. This situation makes it necessary to scan the petition in order to discover whether or not, upon its face, such a separable controversy is shown to exist.

■ It is the contention of the removing defendant that such separable controversy is shown to exist by reason of the allegations in the petition both in the first and second causes of action which relate to libelous publications upon two different occasions, in that it is specifically alleged in paragraph 7 of the first cause of action and paragraph 17 of the second cause of action that the defendant Associated Press gathered and sent out to the other publishing defendants the alleged libelous items. These clauses are in no way changed by the amendment to the petition which brought in the fourth defendant. These allegations of preparing and sending out the alleged libelous articles, in which none of the other defendants had any part, are claimed by the removing defendant to establish a separable controversy which, together with the fact that it is a non-resident defendant and the statutory amount involved being satisfied, entitles it to a removal to the Federal Court.

■ The Courts have recognized libelous publications as being in two classes. The sending of a libelous letter or circular in the first instance is termed the original or primary publication. If said publication is re-published it is termed a secondary publication. Sourbier et al. v. Brown, 188 Ind. 554, 123 N.E. 802. And upon this theory it has been held that such primary publication is a cause of action separate and distinct from any re-publication of the same.

Perhaps the most succinct statement of the asserted principle is found in the decision involving a libel suit in Union Associated Press v. Heath, 49 App.Div. 247, 63 N.Y.S. 96, at page 97, where the Court uses the following language:

"The act of the Associated Press thus involves two separate publications, for each of which it would be liable—First, the original publication of the article by sending it to its customers; and, second, its publication by the insertion of the article in each particular paper. The sending of this report or dispatch to the various newspapers that the Associated Press supplied with news would be a publication of the libel, although not a single newspaper printed the article, and for that dissemination of a libel the Associated Press would be liable to the plaintiff. A separate and distinct cause of action arises in favor of the plaintiff against the publishers of each newspaper that accepted the article and published it, and for the damages sustained by such publication the Associated Press would be liable as a joint tort feasor with each newspaper thus publishing the libel; but this last liability of the Associated Press is entirely distinct from that which it incurred by the publication of the libel in sending it to each of its correspondents. The plaintiff could no more join in one action against the Associated Press the different causes of action which arose because of the successive publications in different newspapers than it could join in one action the several causes of action against the owners of the several newspapers that published the libel."

Other cases to the same effect are Sourbier et al. v. Brown, supra; Jennings v. Southern R. Co., D.C., 40 F.2d 951; Johnson v. Great Atlantic & Pacific Tea Co., D.

C., 25 F.Supp. 449; Wahlheimer v. Hardenbergh, 217 N.Y. 264, 111 N.E. 826. Counsel have not called attention to any decisions of the Wyoming Supreme Court passing upon the point.

It cannot be doubted that in a suit against joint tort-feasors one or all may be sued at the election of the claimant and this applies to libel suits as well as other classes of torts but the publication upon which the libel is based must involve concurrent acts participated in by all the libellants in order to set up a joint cause of action. This condition does not prevail as shown by the allegations of the petition in the case at bar.

Another point suggested by the motion to remand is that there was no proper notice given to plaintiff of the hearing on removal in that it was served an insufficient time in advance for him to be able to appear at the time the removal proceeding would be filed and application made to the Court for a removal order. This point may be disposed of in accordance with the views which were expressed in 1927 by this Court in the case of Milliken v. Transcontinental Oil Company, 55 F.Supp. 381 at which time it was held that the purpose of the notice is simply to advise the adverse party that a removal proceeding is in progress and that any notice which may be considered as prior in time to the filing is sufficient to satisfy the Statute. The only requirement of the Statute, 28 U.S.C.A. § 72, is that a written notice of the petition and bond for removal shall be given the adverse party or parties prior to filing the same. This view is supported by Miller v. Southern Bell Telephone & Telegraph Co., 4 Cir., 279 F. 806; and Williams v. New York, P. & N. R. Co., 4 Cir., 11 F.2d 363, 45 A.L.R. 437.

The remaining suggestion made by plaintiff is to the effect that the defendant having filed motions in the State Court before removal, had waived its right to remove. This point is without merit because under the Statute a defendant has the right to remove at any time before the defendant is required by the laws of the State or Rule of the State Court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff. 28 U.S.C.A. § 72. There is no suggestion that the removal was not sought within the statutory time and the filing of pleadings or motions in the State Court in advance of the time within which defendant was required to plead does not effect its right of removal.

For the reasons stated the motion to remand will be overruled and denied and an order may be entered accordingly reserving to plaintiff proper exceptions.